PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Farkas;
*Plaintiff,*

-v-

CAVALRY PORTFOLIO
SERVICES, LLC;
*Defendant,*

Case No. **7:12-cv-00935-ER**

**TRIAL BY JURY DEMANDED**

# AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

## JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p §1692k(d), and 28 U.S.C. § 1331, 15 U.S.C. § 1691 *et seq.*

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is David Farkas, (hereinafter "Plaintiff"), a natural person, who resides in Orange County, New York and is a consumer as defined by FCRA 15 U.S.C. § 1681a(c), & FDCPA 15 U.S.C. § 1692a(3).

4. The Defendant in this lawsuit is CAVALRY PORTFOLIO SERVICES, LLC (hereinafter "Defendant") an unknown entity with offices at 500 Summit Lake Drive Suite 400, Valhalla, NY 10595-2323.

## VENUE

5. The occurrences which give rise to this action occurred in Orange County, New York and Plaintiff resides in Orange County, New York.

6. Venue is proper in the Southern District of New York.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained Plaintiff's Experian consumer credit report on June 8, 2011 – June 22, 2011 and that Defendant, had obtained Plaintiff's Trans Union consumer credit report on May, 2011 without permissible purpose, thereby reducing Plaintiff's credit score.

9. Discovery of violation brought forth herein occurred in Month of June, Year 2011 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

10. On or about June 13, 2011 Plaintiff received a letter from Defendant which demanded payment in the amount of $9,418.01 for a consumer debt as defined by 15 U.S.C. § 1692(a)(5) which had allegedly been consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

11. On or about June 20, 2011 Plaintiff sent a timely demand for validation and dispute in writing to the Defendant via U.S. Mail Receipt # 9405 5036 9930 0137 1906 80 pursuant to the FDCPA. USPS records show that Defendant received the demand at 10:34 am on June 23, 2011 in Hawthorne, NY 10532-7504.

12. On or about August 16, 2011 Plaintiff, received a second letter from Defendant, which demanded payment in the amount of $9,695.32 for a consumer debt as defined by 15 U.S.C. § 1692(a)(5) which had allegedly been consigned, placed, or otherwise transferred to Defendant, for collection from Plaintiff.

13. Plaintiff received no Validation from Defendant, no general ledger accounting of the alleged account, or a copy of any signed contract or agreement, and no verified statement, that the

information was provided by the person who created and maintains the account records at issue and was true, accurate and not misleading.

14. The letter received by Plaintiff from Defendant on August 16, 2011 also stated *"THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR"* in violation of 15 U.S.C. § 1692g(b) when a prior request for validation had been made and not complied with and collection activity was still ongoing.

15. The Defendant, by stating that $9,695.32 was owed to them violated 15 U.S.C. § 1692e(2) by misrepresenting the amount the alleged debt.

16. On or about September 8, 2011 Plaintiff, received a third letter from Defendant, which demanded payment in the amount of $19,497.13 for a consumer debt as defined by 15 U.S.C. § 1692(a)(5) which had allegedly been consigned, placed, or otherwise transferred to Defendant, for collection from Plaintiff.

17. The letter received by Plaintiff from Defendant on September 8, 2011 stated *"THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR"* in violation of 15 U.S.C. § 1692g(b) when a prior request for validation had been made and not complied with and collection activity was still ongoing, and also misrepresented the amount of $19,497.13 was owed to them in violation of 15 U.S.C. § 1692e(2).

## COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANT
### CAVALRY PORTFOLIO SERVICES, LLC

18. Paragraphs 1 through 17 are re-alleged as though fully set forth herein.

19. Experian and Trans Union are credit reporting agency's within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

20. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

21. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

22. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

23. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant.

24. At no time did Plaintiff give his consent for Defendant to acquire his consumer credit report from any credit reporting agency.

25. In the year 2011 Defendant obtained the Experian and Trans Union consumer credit report of the Plaintiff three times with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

26. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

27. Plaintiff is positive that he has never had any accounts with the Defendant that could claim to have permissible purpose to obtain his credit report as defined by the FCRA.

28. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b

and an egregious violation of Plaintiff's right to privacy.

29. Plaintiff sent a notice to Defendant of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant.

30. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for statutory damages, of $3,000.00 pursuant to 15 U.S.C. fees and costs, to be determined by this honorable court, pursuant to 15 U.S.C. §1681n.

<u>**COUNT II**</u>

# VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g(b) BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC

31. Paragraphs 1 through 30 are re-alleged as though fully set forth herein.

32. Defendant is a debt collector within the meaning of the § FDCPA 1692a(6).

33. The response that Plaintiff received from Defendant after his first request for validation did not contain Validation of the alleged debt but stated that the communication was an attempt to collect a debt in blatant violation of 15 U.S.C. Title 15 § 1692g(b).

34. Defendant as a debt collector, violated 15 U.S.C. § 1692g(b) by sending a collection notice to Plaintiff when multiple demands for validation and demands to cease and desist from collection activities sent to Defendant had not been complied with as required under the FDCPA.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e(2) BY DEFENDANT CAVALRY PORTFOLIO SERVICES, LLC

35. Defendant sent dunning letters to the Plaintiff on multiple occasions where Defendant stated that $9,695.32 was due and in the third letter stated that $19,497.13 was due by the Plaintiff and in doing so misrepresented the amount or character of the debt alleged to be owed by the Plaintiff in violation of 15 U.S.C. § 1692e(2).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for statutory damages, of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); fees and costs, to be determined by this honorable court, pursuant to 15 U.S.C. §1692k.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 13, 2012

Respectfully Submitted,

By: _____
David Farkas
PO Box 54
Monroe, NY 10949
[email illegible]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Farkas

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

7:12  Civ. 00935  (ER) (  )

- against -

CAVALRY PORTFOLIO SERVICES, LLC

**AFFIRMATION OF SERVICE**

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, David Farkas
*(name)*, declare under penalty of perjury that I have served a copy of the attached Amended Complaint
*(document you are serving)*
upon CAVALRY PORTFOLIO SERVICES, LLC
*(name of person served)* whose address is
500 Summit Lake Drive Suite 400, Valhalla, NY 10595-2323
*(where you served document)*
by U.S. Certified Mail # 7011 2000 0000 9436 7132
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Monroe , NY
*(town/city)* *(state)*

June      13  , 2012
*(month)* *(day) (year)*

Signature

PO Box 54
*Address*

Monroe, NY
*City, State*

10949
*Zip Code*

*Telephone Number*

Rev. 05/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

David Farkas
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

CAVALRY PORTFOLIO SERVICES, LLC
_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

7:12 Civ. 00935 (ER) (___)

**AFFIRMATION OF SERVICE**

I, David Farkas (name), declare under penalty of perjury that I have served a copy of the attached Amended Complaint (document you are serving)

upon Jonathan David Elliot (name of person served) whose address is

1000 Lafayette Boulevard - P.O. Box 1740, Bridgeport, CT 06604 (where you served document)

by U.S. Certified Mail # 7011 2000 0000 9436 7149
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: Monroe (town/city), NY (state)

June (month) 13 (day), 2012 (year)

Signature

PO Box 54
Address

Monroe, NY
City, State

10949
Zip Code

Telephone Number

Rev. 05/2010