UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID FARKAS,

        Plaintiff,

        No. 7:12-cv-00935-UA

v.

CAVALRY PORTFOLIO SERVICES, LLC,    **ANSWER TO AMENDED COMPLAINT**

        Defendants.

The defendant, Cavalry Portfolio Services LLC ("Cavalry") by and through the undersigned counsel, for its Answer to the Amended Complaint herein, hereby denies each and every averment, except as expressly stated below, as follows:

1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 1 and therefore denies the same and leaves the plaintiff to his proof.

2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 2 and therefore denies the same and leaves the plaintiff to his proof.

3.    Admits that plaintiff is a natural person and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 3, and therefore denies same and leaves the plaintiff to his proof.

4.    Admits that defendant is an entity with an office address as alleged in this paragraph and otherwise denies the allegations of this Paragraph 4.

5.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 5 and therefore denies the same and leaves the plaintiff to his proof.

6. Without acknowledging the validity of the claims, admits.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 7 and therefore denies the same and leaves the plaintiff to his proof.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 8 and therefore denies the same and leaves the plaintiff to his proof.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 9 and therefore denies the same and leaves the plaintiff to his proof.

10. Admits that defendant sent a letter purportedly addressed to the plaintiff concerning a financial obligation placed with the defendant for collection from plaintiff, refers to the letter for the content thereof and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 10, and therefore denies same and leaves the plaintiff to his proof.

11. Admits plaintiff sent a writing to defendant, refers to the writing for the content thereof, denies knowledge or information as to what USPS records show, and otherwise denies the remaining allegations of this Paragraph 11.

12. Admits that on or about August 16, 2011 defendant sent a letter addressed to the plaintiff relating to the account placed, reflecting verification of the outstanding balance, refers to the letter for the content thereof, denies knowledge as to the plaintiff's receipt of such letter and whether the amount in question constitutes a debt within the meaning of the FDCPA, leaves plaintiff to his proof as to such matters, and otherwise denies the remaining allegations of this Paragraph 12.

13. Denies.

14. Denies as stated and refers to any alleged letter for the content thereof, and otherwise denies the allegations of this Paragraph 14.

15. Denies.

16. Admits that defendant sent a letter purportedly addressed to the plaintiff on or about September 8, 2011 concerning a financial obligation placed with defendant for collection, refers to the letter for the content thereof and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph 16, and therefore denies same and leaves the plaintiff to his proof.

17. Denies.

18. Defendant repeats and re-alleges the answers to paragraph 1 through 17 of the Complaint as their answer to this Paragraph 18 as though fully set forth herein.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 19 and therefore denies the same and leaves the plaintiff to his proof.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 20 and therefore denies the same and leaves the plaintiff to his proof.

21. This paragraph states a mere legal conclusion that does not require a response. To the extent a response is required, defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 21 and therefore denies the same and leaves the plaintiff to his proof.

22. Denies as stated and refers to the statute for the content thereof.

23. Denies.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 24 and therefore denies the same and leaves the plaintiff to his proof.

25. Denies.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 26 and therefore denies the same and leaves the plaintiff to his proof.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 27 and therefore denies the same and leaves the plaintiff to his proof.

28. Denies.

29. Admits that defendant received correspondence from Plaintiff claiming a violation of FCRA, denies knowledge as to the plaintiff's purposes and reasons for sending said correspondence, and denies that any response was required.

30. Admits that defendant was required to have a permissible purpose for obtaining Plaintiff's credit report, and otherwise denies the remaining allegations of this Paragraph 30.

31. Defendant repeats and re-alleges the answers to paragraph 1 through 30 of the Complaint as their answer to this Paragraph 31 as though fully set forth herein.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph 32 and therefore denies the same and leaves the plaintiff to his proof.

33. Denies.

34. Denies.

35.   Denies.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that any violation of the FDCPA was unintentional, resulting from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claim are barred by setoff due to the fact that plaintiff owes the defendant amounts exceeding the amount of any claim by plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are moot in that the defendant has offered the plaintiff more than he may recover in this action, as a result of which the Court lacks subject matter jurisdiction.

WHEREFORE, the defendant requests that the plaintiff's Complaint be dismissed with prejudice and the court grant defendant such other relief as may be required by the interests of justice, including without limitation, costs of defense and a reasonable attorney's fee.

Date: July 6, 2012

THE DEFENDANT
CAVALRY PORTFOLIO SERVICES, LLC

By: _____
Jonathan D. Elliot

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT  06604
Tel:   203-333-9441
Fax:   203-333-1489
E-Mail:  jelliot@znclaw.com

Its Attorneys

6

## CERTIFICATION

I hereby certify that July 6, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Jonathan D. Elliot